Leslie P. Voorhees, Defendant in Error, v. Hannah E. Mason, Executrix, et al., Plaintiffs in Error.

Gen. Nos. 6,241, 6,242.   (Not to be reported in full.)

Error to the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed November 9, 1916. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Suit by Leslie P. Voorhees, complainant, against Truman A. Mason (Hannah E. Mason, executrix, substituted) and five others, defendants, for an accounting by the defendants as directors of a corporation in which complainant was also a stockholder. From a decree for accounting, defendants appeal and also bring error to review the whole record.

The bill alleged the defendants had issued to themselves individually each thirty shares of stock in the corporation, each share of the par value of ten dollars and thirty income certificates, each of the par value of two hundred and ninety dollars, at one-half of the established price thereof, and that they had received ten per cent. commission on the par value of other shares of stock and income certificates sold by them. Their answer admitted these facts, but sought to justify by stating they were so authorized by a vote of the stockholders on account of compensation to them for services rendered. The bill was dismissed on hearing, but, on an appeal to the Appellate Court (148 Ill. App. 647), an accounting was directed, with order to charge each defendant with full price of stock and certificates held by each and dividends thereon and one-half dividends paid. On further appeal the Supreme Court (245 Ill. 256) remanded the case on other grounds, without reversing the order for accounting.

A cross-bill was then filed claiming discharge of liability, and on demurrer thereto being overruled the original bill was dismissed, but on appeal the Appellate Court (182 Ill. App. 569) sustained the demurrer and dismissed the cross-bill and ordered accounting as in first decree. March 2, 1914, the case was referred to a master in chancery to state an account under such decree. January 13, 1915, the defendants filed a petition to modify the decree as to the value of the certificates and interest, and a new decree was entered, adhering to the former as to stating an account of the stock and certificates, and directing a statement also of further details. Accounts were stated accordingly, showing particular amounts chargeable against each defendant as to stock, certificates and commissions, and that under the contracts for the stock and certificates payment after the first four payments, which amounted to the stock value at par, was voluntary. Decree was then rendered confirming report as conforming to the decree of March 2, 1914, and that the corporation recover the amount stated from each defendant, with interest. The board of directors thereupon, by majority vote, caused entry of a release of this money decree in favor of the corporation for the expressed consideration of one dollar, with a release to the corporation of all claims by the defendants for services rendered. Petition was filed by complainant alleging that the corporation because of the revolution in Mexico, where its properties were located, was worthless except for assets recoverable under the decree in this suit, and asking receiver and injunction against defendants from prosecuting suit for services passed upon by the former decree and order, and that the satisfaction of the decree be canceled. Decree was entered expunging the satisfaction of the former decree of record, allowing injunction as prayed, and appointing trustee to collect the

proceeds of that decree; also denying complainant's prayer for solicitor's fees and expenses in the litigation.

Defendants filed writ of error to review the whole record, and the corporation filed confession of the errors assigned, and the complainant assigned as cross error that the defendants should be decreed to pay jointly and severally instead of individually. Appeal also brought by the defendants from the final order. The two cases were consolidated.

C. E. ANTRAM and JOHN H. GARNSEY, for plaintiffs in error; EDWARD C. HALL, of counsel.

C. B. CHEADLE, for Joliet Tropical Plantation Co.

GEORGE F. BORMAN, for defendant in error.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1783*—*when confession of errors by corporation not ground for reversal of decree.* Where the law compelled continued prosecution of a suit against the directors of a corporation for an accounting by them of the corporate funds for the benefit of the corporation, although prosecuted by a single small stockholder and against the wishes of the directors, officers, and all the other stockholders, *held* that neither the officers nor all of the stockholders, except the complainant, may release a decree rendered in such suit requiring the defendants to pay an account stated by a former decree therein as due from them to the corporation, and the confession by the corporation of errors assigned for reversal of a decree canceling such release would not warrant reversal of said decree.

2. APPEAL AND ERROR, § 1725*—*when decision on former appeal is law of case.* Where certain so-called income certificates issued by a corporation were treated by it as having a certain fixed value, although they had in fact technically no par, market or intrinsic

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

value, and were so treated and acted upon by the court in rendering a decree against the directors of the corporation for an accounting as to such certificates, and an account stated was made in such decree upon the basis of such accepted value, *held* that the question that said certificates were of less value could not be raised in a subsequent proceeding on writ of error or appeal, and that the effect of a provision in the contract under which such certificates were issued that payment on the certificates should be optional after certain partial payments had been made could not be questioned for the first time in such subsequent proceeding.

3. CORPORATIONS, § 287*—*when allowance of commissions to directors of corporation on sales of stock is proper.* The allowance by the master in chancery and the chancellor of ten per cent. commission to the directors of a corporation on sales of stock of the corporation made by them, *held* proper under the evidence, in a suit for accounting brought against said directors.

4. CORPORATIONS, § 275*—*when decree charging amounts against directors severally in suit for accounting is proper.* A decree charging certain amounts against the defendants severally instead of jointly and severally, in a suit brought against the directors of a corporation for an accounting of the corporate funds, *held* proper under prior decisions in the same suit of the Supreme and the Appellate Courts.